## Andrew J. Ross

*v.*

## The People *ex rel.* William Johnson

1. MANDAMUS—*to compel approval of an official bond.* Where an officer, required by law to execute a bond to be presented to and approved by another officer, before entering upon the duties of his office, presents two different bonds, at two different times, for approval, and both are refused, and he applies for a *mandamus* to compel approval, the petition and the order for the writ should both designate the particular bond to be approved.

2. TOWNSHIP COLLECTOR. The statute requires a township collector to give a bond within eight days after he receives notice of the amount of taxes to be collected by him, and also requires the county clerk to have the collector's books ready for delivery to him within ten days after the first of December, and that the collector shall, within the same time, or as soon thereafter as he is qualified, call at the county clerk's office for the books, and there is no provision for notice being given to the collector of the amount of tax to be collected; hence it is the duty of the collector to call at the clerk's office and there get the notice of the amount of tax, within the time provided by law for the books to be ready for delivery.

3. Where a township collector received from the county clerk an official bond, with the proper amount named in it, for him to execute and obtain securities on, this was a sufficient notice of the amount of, taxes to be collected by him, and it was his duty to have the bond executed and presented to the proper authority for approval within eight days thereafter, and his failure to do so was properly deemed a refusal to serve, and the town board were justified in refusing to approve such bond when afterwards presented, and in appointing another person to the office.

APPEAL from the Circuit Court of Lee county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Messrs. WM. E. IVES & SON, for the appellant.

Mr. B. H. TRUESDELL, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

In the spring of 1874, Wm. Johnson was elected collector for the township of Viola, in Lee county, in this State. On the 18th day of the following December, the county clerk transmitted to him a blank bond, to be executed by him and sureties. This he received on the next day, and, procuring the signatures of three persons as sureties, he presented the same to the supervisor and town clerk for approval, on the 30th of that month, but the sureties not being satisfactory, they declined to approve it; also, on the ground, as they contend, that it was not presented in time.

On the 2d of January, 1875, the county clerk sent a note to Johnson, notifying him of the amount of tax to be collected in his township. He thereupon prepared another bond, and procured the signatures of sureties, to whose solvency no exception seems to have been taken, and, on the 5th of that month, presented it for approval; but before that time, the township board had appointed another person collector, and they insisted his application was too late, as the time for filing his bond had expired some days previously. He thereupon filed a petition for a *mandamus*, and, service being had, respondent demurred to the petition, but the demurrer was overruled, and thereupon a return was made, and a trial had by the court without a jury, by consent of parties. The court found the issues for relator, and, after overruling a motion for a new trial, entered an order for a peremptory *mandamus* requiring respondent to approve the bond, and he appeals to this court.

The evidence clearly shows that two different bonds were offered for approval. The bonds were unlike in the amount of the penalty, the dates and the makers. Neither of them is described in the petition by the names of the makers, the amount or the date. The execution of each, and their offer for approval, was proved on the trial; and proof was introduced to show that the sureties to each were amply solvent

to render it the duty of respondent to approve these bonds. The trial seems to have proceeded on the theory that respondent was derelict in his duty in refusing to approve either, yet the petition describes neither, nor does it specify either in the prayer, nor has the court, in its order for the writ of *mandamus,* specified which shall be approved. This leaves it uncertain which bond the court intended appellant to approve. Suppose he were to approve one, and relator were to insist the other was intended, and proceed against him for a contempt in refusing to obey the order of the court, how could he justify his action? How could he show that he had approved the bond intended by the court? Suppose he were to approve the first bond presented—in respect to which he doubted, we think with reason, whether the sureties were sufficient, as the most solvent surety was a non-resident, and his fears were well founded—could he not justify himself, under this order, on a proceeding against him for malfeasance in office? Thus it is seen that the petition and order of the court should have designated the particular bond to be approved.

The 133d section of the Revenue law provides that the collector, before he enters upon the duties of his office, and within eight days after he receives notice of the amount of taxes to be collected by him, shall execute a bond, with two or more securities, to be approved by the county board, or the supervisor and town clerk of his town. The form of the bond is given, and required to be in double the amount of such taxes.

The 89th section of the Township Organization law provides that, "if any person elected to the office of collector shall not give such security and take such oath as required above within the time limited for that purpose, such neglect shall be deemed a refusal to serve."

The 85th section requires him to take the oath of office within ten days after being notified of his election, and a failure to do so is deemed a refusal to serve.

The 88th section requires him to give bond as required by law, and we have seen that the 133d section of the Revenue law requires it to be given in eight days after he is notified of the amount of taxes he will be required to collect.

The 141st section of the Revenue law requires the town board, in case the collector shall refuse to serve, or the office shall otherwise become vacant, to proceed to appoint some other person to fill the unexpired term of his office.

The 135th section of the same act requires the respective county clerks, on or before, or within ten days after the 1st of December in each year, to have the collector's books ready for delivery to that officer, and requires the collector, within such time, or as soon thereafter as he is qualified, to call at the clerk's office and receive the books.

These seem to be all the enactments having a bearing on this case. Did, then, the facts in this case warrant the supervisor in refusing to approve these bonds? The first was received on the 19th day of December, and he did not present it for approval until the 30th, eleven days afterwards; but it is insisted that he received no notice of the amount of the tax until the 2d of January, thirteen days after receiving the first bond. We have been unable to find any provision of law imposing the duty of giving the notice to the collector on the clerk of the county court or other person. As the duty is not specifically imposed on any officer, it would seem to be the duty of the collector to call on the clerk and receive the notice, as he, of all others, has the greatest interest in learning the fact; and if it is his duty, he would be required to learn the fact, and have his bond prepared and approved by the time the law requires the clerk to have his books prepared and ready for delivery; and this seems to be the construction given to this provision, as the county clerk testified that he had not, in thirteen years' previous service in the office, ever before given such a notice, and that he had doubts as to whether it was his duty; but be this as it may, the county clerk, on the 18th day of December, sent him a

bond to execute, with the amount of the penalty written in the bond, which was in exactly double the amount of the taxes he was required to collect. He, to ascertain the precise amount of taxes, had but to divide the sum named in the bond and he would have known the exact amount, and he is presumed to have known that the law required the bond to be in double the amount of the taxes. Suppose the clerk had written to him that the bond would be required to be in the sum he had written in that he had sent, and that the taxes were precisely one-half that amount, would any one have the audacity to say that such would not have been sufficient notice? We presume not. And in what does that in principle differ from the case at bar? He was, and now is, seeking the office, and we are at a loss to see any reason why he has a right to require such precision and exactness in matters alone for his interest, and the performance of which is imposed on no other person. If the clerk, as a kindness and favor to him, saw proper to fill out his bond, ready for execution by filling the blanks for the names of the sureties, and for his and their signatures, he has no right to complain that the clerk did not go farther and make the division of the sum named in the bond, and notify him of the result. It was his duty to have done so, and we may, no doubt, imagine he had curiosity enough to prompt him to make the calculation, even if his interest did not prompt such action.

We, then, regard the sending of the bond to relator, and its reception by him on the next day, the 19th of December, as being ample notice; and his failure to present to the town board a good and sufficient bond, within eight days thereafter, for their approval, and the non-compliance with the statute, was properly deemed by them to be evidence that he had declined to serve; and they were, after that time, fully justified in refusing to approve either or both of these bonds when presented, and in appointing another person to the office, as required by the statute.

The court below erred in awarding the peremptory writ of *mandamus*, and the judgment is reversed.

*Judgment reversed.*